# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ORGANOVO, INC., | § § | Civil Action No.  6:21-cv-769-ADA |
| Plaintiff | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| CELLINK AB, | § § | |
| Defendant. | § § § § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Organovo, Inc. ("Organovo" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Cellink AB ("Cellink," or "Defendant"):

## THE PARTIES

1. Plaintiff Organovo is a pioneer in 3D bioprinting. Organovo's 3D bioprinters print tissues that mimic key aspects of human biology and disease. These tissues can then be used for drug discovery, drug profiling, and therapeutic purposes. Organovo's tissue printing aims to fundamentally alter the drug discovery process by developing highly efficient and novel therapies with an accelerated time-to-market. Organovo is a corporation organized under the laws of Delaware having its principal place of business in San Diego, California.

2. Upon information and belief, at all relevant times mentioned below, Defendant Cellink has been a corporation organized under the laws of Sweden, and maintains its principal place of business in Gothenburg, Sweden.

## JURISDICTION AND VENUE

3.  This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This court has personal jurisdiction over Cellink by virtue of its systematic and continuous contacts with this forum. The injury to Plaintiff occurred in the State of Texas and the claim for relief against Cellink for that injury arose in the State of Texas. On information and belief, Cellink has purposely availed itself of the privileges of conducting business within the State of Texas including, but not limited to: (i) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and (ii) regularly transacting or soliciting business, employing individuals residing in the State of Texas, and deriving or attempting to derive substantial revenue and financial benefits from goods and services provided to individuals residing in the State of Texas and in this District.

5.  Personal jurisdiction also exists specifically over Cellink because Cellink, directly or through subsidiaries or intermediaries (including customers, distributors, retailers, and others), alter egos, and/or agents – ships, distributes, offers for sale, sells, imports, advertises, or markets in the State of Texas and in this District, one or more products that infringe the patents identified in this Complaint, as described particularly below. Cellink has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that these products will be purchased by individuals and entities in this District. Cellink has knowingly and purposefully shipped infringing products into and within this

District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District.

6. Cellink has marketed its products into and advertised its ties with the State of Texas on its website. Cellink holds out a Texas Tech University faculty member as one of the "Faces of Bioprinting." (https://www.cellink.com/faces-bioprinting-meet-dr-behnam-noorani-texas-tech-university/). Cellink has targeted and continues to target academic and medical research institutes in Texas for sale of its bioprinters. (https://research.rice.edu/bml/cellink-biox).

7. Cellink has solidified its ties with the State of Texas with a recent collaboration with Volumetric, a Houston based startup. Cellink and Volumetric partnered to jointly manufacture a new bioprinter Lumen-X for bioprinting larger vascular structures. (https://3dprint.com/238627/cellink-volumetric-release-new-lumen-x-bioprinting-larger-vascular-structures/).

8. Cellink has purposefully marketed its products to residents of this District at least through its "Ambassador" program, which requires researchers to use Cellink's technology to showcase their research. (https://www.cellink.com/ambassador-program/). At least one researcher at the University of Texas, San Antonio ("UTSA") signed up to be Cellink's "Ambassador" and used its products to showcase his research conducted in UTSA. (https://3dprint.com/252821/sharing-knowledge-with-cellinks-ambassador-program/).

9. Defendant's claim for relief for patent infringement arises directly from the activities of Cellink in the State of Texas. Accordingly, the Court has personal jurisdiction over Cellink.

10. Cellink is not resident in the United States. Therefore, venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391(c)(3).

## THE PATENTS-IN-SUIT

11. Plaintiff accuses Defendant of infringing U.S. Patent Nos. 9,149,952, 9,315,043, 9,752,116, and 9,855,369 (collectively "the Patents-In-Suit").

12. On October 5, 2015, United States Patent No. 9,149,952 ("the '952 patent"), entitled "Devices, Systems, and Methods for the Fabrication of Tissue," was issued to Organovo. At all relevant times Organovo has owned the '952 patent with full and exclusive right to bring suit to enforce the patent against Cellink. A true and correct copy of the '952 patent is attached as Exhibit A.

13. On April 19, 2016, United States Patent No. 9,315,043 ("the '043 patent"), entitled "Automated Devices, Systems, and Methods for the Fabrication of Tissue," was issued to Organovo. At all relevant times Organovo has owned the '043 patent with full and exclusive right to bring suit to enforce the patent against Cellink. A true and correct copy of the '043 patent is attached as Exhibit B.

14. On September 5, 2017, United States Patent No. 9,752,116 ("the '116 patent"), entitled "Self-Assembling Cell Aggregates and Methods of Making Engineered Tissue Using the Same," was issued to the Curators of the University of Missouri ("UM"). UM subsequently granted Organovo an exclusive license to the patent in March 2009. At all relevant times, UM has owned the '116 patent and Organovo has the full and exclusive right to bring suit to enforce the patent against Cellink. A true and correct copy of the '116 patent is attached as Exhibit C.

15. On January 2, 2018, United States Patent No. 9,855,369 ("the '369 patent"), entitled "Method of Printing a Three-Dimensional Structure," was issued to Organovo. At all relevant times Organovo has owned the '369 patent with full and exclusive right to bring suit to enforce the patent against Cellink. A true and correct copy of the '369 patent is attached as Exhibit D.

## NOTICE OF THE PATENTS-IN-SUIT

16. Cellink has been on notice of at least the '116, and '369 patents at least since March 19, 2019 when Organovo sent a letter to Cellink informing Cellink of these patents. Subsequently, in April 2019, Cellink and Organovo entered into discussions to license these patents. The discussions did not result in an agreement but, on March 22, 2021, Cellink voluntarily reinitiated the licensing discussions.

17. Cellink has been on notice of at least the '952, '043, and '369 patents at least since March 30, 2021 when Cellink presented Organovo the term-sheet for obtaining a license to patent families covering these patents. Cellink continued to maintain its interest in licensing these patents, engaging in multiple rounds of negotiations with Organovo.

18. Cellink abruptly cut off negotiations and filed a declaratory judgment action against the '952, '043, '116, and '369 patents on June 7, 2021 in Delaware.

## COUNT ONE:

## INFRINGEMENT OF THE '952 PATENT

19. Organovo realleges and incorporates herein the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. In violation of 35 U.S.C. § 271, Cellink has infringed and is still infringing the '952 patent by importing, making, offering to sell, and selling at least the Bio X bioprinter. The infringement claim chart for the '952 patent is attached as Exhibit E.[1]

---

[1] The claim charts attached as Exhibits E-H are preliminary and based on publicly available information. Organovo reserves all rights to amend, supplement, or modify these charts under the Local Rules of this Court and the Federal Rules of Civil Procedure, particularly in view of information Organovo obtains through fact and expert discovery.

21. In violation of 35 U.S.C. § 271, Cellink has infringed and continues to infringe the '952 patent by contributing to or actively inducing the infringement by others of the '952 patent by providing at least the Bio X bioprinter.

22. Upon information and belief, Cellink has willfully infringed the '952 patent.

23. As a result of Cellink's infringement, Organovo has suffered and will continue to suffer damages.

24. Upon information and belief, Cellink's acts of infringement of the '952 patent will continue after service of this Complaint unless enjoined by the Court.

25. Unless Cellink is enjoined by the Court from continuing its infringement of the '952 patent, Organovo will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Organovo is entitled to preliminary and permanent injunctions against further infringement.

## COUNT TWO:

## INFRINGEMENT OF THE '043 PATENT

26. Organovo realleges and incorporates herein the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

27. In violation of 35 U.S.C. § 271, Cellink has infringed and is still infringing the '043 patent by importing, making, offering to sell, and selling at least the Bio X6 bioprinter. The infringement claim chart for the '043 patent is attached as Exhibit F.

28. In violation of 35 U.S.C. § 271, Cellink has infringed and continues to infringe the '043 patent by contributing to or actively inducing the infringement by others of the '043 patent by providing at least the Bio X6 bioprinter.

29. Upon information and belief, Cellink has willfully infringed the '043 patent.

30. As a result of Cellink's infringement, Organovo has suffered and will continue to suffer damages.

31. Upon information and belief, Cellink's acts of infringement of the '043 patent will continue after service of this Complaint unless enjoined by the Court.

32. Unless Cellink is enjoined by the Court from continuing its infringement of the '043 patent, Organovo will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Organovo is entitled to preliminary and permanent injunctions against further infringement.

## COUNT THREE:

## INFRINGEMENT OF THE '116 PATENT

33. Organovo realleges and incorporates herein the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

34. In violation of 35 U.S.C. § 271, Cellink has infringed and is still infringing the '116 patent by importing, making, offering to sell, and selling at least the Bio X bioprinter. The infringement claim chart for the '116 patent is attached as Exhibit G.

35. In violation of 35 U.S.C. § 271, Cellink has infringed and continues to infringe the '116 patent by contributing to or actively inducing the infringement by others of the '116 patent by providing at least the Bio X bioprinter.

36. Upon information and belief, Cellink has willfully infringed the '116 patent.

37. As a result of Cellink's infringement, Organovo has suffered and will continue to suffer damages.

38. Upon information and belief, Cellink's acts of infringement of the '116 patent will continue after service of this Complaint unless enjoined by the Court.

39. Unless Cellink is enjoined by the Court from continuing its infringement of the '116 patent, Organovo will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Organovo is entitled to preliminary and permanent injunctions against further infringement.

## COUNT FOUR:

## INFRINGEMENT OF THE '369 PATENT

40. Organovo realleges and incorporates herein the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

41. In violation of 35 U.S.C. § 271, Cellink has infringed and is still infringing the '369 patent by importing, making, offering to sell, and selling at least the Bio X bioprinter. The infringement claim chart for the '369 patent is attached as Exhibit H.

42. In violation of 35 U.S.C. § 271, Cellink has infringed and continues to infringe the '369 patent by contributing to or actively inducing the infringement by others of the '369 patent by providing at least the Bio X bioprinter.

43. Upon information and belief, Cellink has willfully infringed the '369 patent.

44. As a result of Cellink's infringement, Organovo has suffered and will continue to suffer damages.

45. Upon information and belief, Cellink's acts of infringement of the '369 patent will continue after service of this Complaint unless enjoined by the Court.

46. Unless Cellink is enjoined by the Court from continuing its infringement of the '369 patent, Organovo will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Organovo is entitled to preliminary and permanent injunctions against further infringement.

## PRAYER FOR RELIEF

Therefore, Organovo prays for the following relief:

1. a preliminary and final injunction against the continuing infringement pursuant to 35 U.S.C. § 283;

2. damages adequate to compensate Organovo for Cellink's infringement of the '952, '043,'116, and '369 patents pursuant to 35 U.S.C. § 284;

3. treble damages pursuant to 35 U.S.C. § 284;

4. an accounting for damages;

5. interest and costs; and

6. such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  July 27, 2021    Respectfully submitted,

By: */s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
**SCOTT, DOUGLASS & MCCONNICO, LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com


Elizabeth L. Brann (CA Bar #222873)
(*pro hac vice* application forthcoming)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
(*pro hac vice* application forthcoming)
ariellbratton@paulhastings.com
Sachin Bhatmuley (CA Bar #331959)
(*pro hac vice* application forthcoming)
sachinbhatmuley@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Michelle Marek Figueiredo (IL Bar #6297112)
(*pro hac vice* application forthcoming)
michellemarek@paulhastings.com
**PAUL HASTINGS LLP**
71 S. Wacker, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

*Attorneys for Plaintiff Organovo, Inc.*